JOHN ROMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roman v. Commissioner
Docket No. 21492-94
United States Tax Court
T.C. Memo 1995-175; 1995 Tax Ct. Memo LEXIS 169; 69 T.C.M. (CCH) 2428; T.C.M. (RIA) 95175; April 17, 1995, Filed *169 An order of dismissal and decision will be entered. John Roman, pro se. For respondent: Jordan S. Musen and Dean H. Wakayama. DAWSON, ARMEN
DAWSON; ARMEN
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And To Award Damages, filed pursuant to Rule 40 and section 6673(a). Petitioner resided in Redmond, Washington, at the time the petition was filed in this case. Respondent's notice *170 of deficiency
By notice dated August 29, 1994, respondent determined deficiencies in, and additions to, petitioner's Federal income taxes for the taxable years 1988 through 1992 as follows: Additions to tax Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6654(a)
1988
$ 19,548
$ 4,887
$ 977
$ 1,251
1989
19,711
4,928
-- 1,332
1990
32,494
8,124
-- 2,139
1991
19,709
4,927
-- 1,132
1992
19,655
4,914
-- 856
The deficiencies in income taxes are based on respondent's determination that petitioner, a welder, failed to report income from self-employment on income tax returns for the years in issue. The additions to tax under section 6651(a)(1) are based on respondent's determination that petitioner's failure to file timely income tax returns for the years in issue was not due to reasonable cause. The addition to tax under section 6653(a)(1) is based on respondent's determination that the deficiency for 1988 is due to negligence or intentional disregard of rules and regulations. Finally, the additions to tax under section 6654(a) are based on respondent's determination that petitioner failed to pay estimated income taxes for the *171 years in issue. Enclosed with the notice of deficiency that was sent to petitioner were the customary statements and schedules that set forth the explanations for, and the computations supporting, respondent's various determinations. Also enclosed with the notice of deficiency that was sent to petitioner was a Notice which advised petitioner that respondent would seek the imposition of a penalty under section 6673 if petitioner advocated frivolous or groundless positions in a Tax Court proceeding. The Notice also quoted section 6673 in pertinent part. Petitioner's petition
Petitioner filed a petition for redetermination on November 21, 1994. The crux of petitioner's position is that the Commissioner erred: (1) In failing to mail a notice of proposed adjustments to petitioner before mailing the notice of deficiency; and (2) in issuing a notice of deficiency for taxable years for which petitioner did not file tax returns. The petition also includes allegations that the period of limitations expired prior to the mailing of the notice of deficiency and that the taxable year 1990 was the subject of a prior proceeding in this Court. The petition filed in this case includes *172 the following allegations: The civil penalties alleged by the Commissioner for the periods here involved no tax returns made, subscribed to, or filed by petitioner with he Office of the Internal Revenue Service at Seattle, Washington. * * * Since, the Commissioner did not indicate on the notice of deficiency any amounts of tax as being in excess of an amount of tax shown by petitioner, and did not indicate any amounts of unauthorized deductions, or even an amount of tax believed to be shown by a taxpayer; the notice of deficiency in it's self is deficient with respect to any amount of tax being set forth therein * * * * * * The respondent, mailed the notice of deficiency to have the Tax Court determine if petitioner is liable for (i.e., 6651(a)(1) (FAILURE TO FILE RETURN), 6653(g)(SPECIAL RULE FOR AMOUNTS SHOWN ON INFORMATION RETURNS), Section 6653(a)(1)(NEGLIGENCE IN THE PREPARATION OF RETURN), and "FRAUD" penalties under section 6653(B)), even though, Under the Internal Revenue Code regarding Tax Court jurisdiction, Tax court has no jurisdiction of whether penalties are appropriate, and no tax returns were filed by the petitioner with respect to the years 1988 through 1992, *173 inclusive.
The prayer for relief set forth at the end of the petition reads as follows: WHEREFORE, petitioner, John Roman prays this Court find, it has no jurisdiction to entertain hearings with regards to civil penalties, and find the Commissioner was charged with specific responsibilities, but however, failed in his responsibilities by not mailing petitioner a 30-day letter of proposed adjustments before mailing of the notice of deficiency, and did not mail one separate notice of deficiency for each year, and did not mail the notice prior to the expiration of the 3-year limitation period set fourth by Section 6213(a), and did not include the dollar amount of tax to be considered as being in excess of an amount of tax shown by a taxpayer, and did not indicate any dollar amount of tax shown by the petitioner, and that this Court enter an Order dismissing the case for lack of jurisdiction over a notice of deficiency that was not timely mailed, and did not constitute a "Statutory notice of deficiency", and that, the assessment or collection of any tax is barred by the three-year statute of limitations of Title 26 U.S.C. § 6213(a).
*174 Respondent's Rule 40 motion and subsequent developments
As indicated, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And To Award Damages. In addition to addressing the many frivolous arguments set forth in the petition, respondent also asserts that petitioner's allegations regarding the statute of limitations are groundless in view of petitioner's admission that he did not file income tax returns for the taxable years in issue. [2] Further, respondent's motion includes an explanation that the taxable year 1990 was not the subject of a prior proceeding in this Court. In particular, the prior proceeding referred to in the petition, which was assigned docket No. 22623-90, concerned petitioner's income tax liability for 1987. [3]
*175 Shortly after respondent filed her motion to dismiss, the Court issued an order calendaring respondent's motion for hearing and also directing petitioner to file a proper amended petition in accordance with the requirements of Rule 34. In particular, the Court directed petitioner to file a proper amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiencies and separate statements of every fact upon which the assignments of error are based. On January 23, 1995, petitioner filed an amended petition in which he basically repeated the allegations set forth in his original petition. The amended petition includes the following allegation: Since, the Commissioner did not receive any tax payments from the petitioner, and since petitioner filed no tax return which showed an amount of tax, the Commissioner has violated the statutory deficiency procedures provided for by § 6213(a) and other related deficiency procedures, as he erroneously charged petitioner with the perpetration of an "Underpayment deficiency" described by Section (c) of § 6653(a) as; essentially as the excess of the tax imposed by the Code *176 over the amount of tax shown on the taxpayer's return as filed and examined; when petitioner had not paid a tax or filed any returns which showed an amount of tax due.
Respondent's motion to dismiss was called for hearing in Washington, D.C., on March 15, 1995. Counsel for respondent appeared at the hearing and presented argument on the pending motion. Although petitioner did not appear at the hearing, he did file a 24-page typewritten statement with the Court pursuant to Rule 50(c). Petitioner again repeated the arguments set forth in his original petition. He also alleged that: "The facts in this case are that petitioner did not file any tax returns, as petitioners' 'welding conduct or activity' is clearly not prescribed [proscribed] by any statute or any statute that relates only to persons involved in the sale of taxable property for gain or profit". Discussion
Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); *177 Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1); 123(b). In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646, 658 n.19 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). *178 The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protester rhetoric and legalistic gibberish, as demonstrated by the passages from the petition that we have quoted above. See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). The Court's order dated January 12, 1995, provided petitioner with an opportunity to assign error and allege specific facts concerning his liability for the taxable years in issue. Unfortunately, petitioner failed to properly respond to the Court's order. Rather, petitioner elected to continue to proceed with time-worn tax protester rhetoric. See Abrams v. Commissioner, supra; Rowlee v. Commissioner,. supra; McCoy v. Commissioner, supra; Karlin v. Commissioner, T.C. Memo. 1990-496. *179 We see no need to catalog petitioner's contentions and painstakingly address them. We have dealt with many of them before. E.g., Nieman v. Commissioner, T.C. Memo. 1993-533; Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994). Moreover, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). The short answer to petitioner's arguments is that he is not exempt from Federal income tax or from the imposition of appropriate additions to tax. See Abrams v. Commissioner, supra at 406-407. Furthermore, this Court generally (as in the present case) will not look behind a notice of deficiency to examine evidence used or the propriety of the Commissioner's motives, or the administrative policy or procedures involved in making the Commissioner's determination. *180 Abrams v. Commissioner, supra at 406; Riland v. Commissioner, 79 T.C. 185, 201 (1982); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974); see also Scar v. Commissioner, 814 F.2d 1363, 1367 (9th Cir. 1987) ("no particular form is required for a valid notice of deficiency"); Pleasanton Gravel Co. v. Commissioner, 64 T.C. 510, 529 (1975), affd. per curiam 578 F.2d 827 (9th Cir. 1978) (the directives set forth in the Statement of Procedural Rules, 26 C.F.R., Part 601, secs. 601.101-601.206, are discretionary and not mandatory); Zyglis v. Commissioner, T.C. Memo. 1993-341 (the contention that the Commissioner could not determine a deficiency because the taxpayer had not filed returns was frivolous), affd. without published opinion 29 F.3d 620 (2d Cir. 1994). Because the petition fails to state a claim upon which relief can be granted, we will grant so much of respondent's motion that moves to dismiss. See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984). *181 We turn now to that part of respondent's motion that moves for an award of a penalty against petitioner under section 6673(a). As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $ 25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income taxes or the additions to tax determined by respondent in the notice of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views. A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner's position, as set forth in the petition, the amended petition, and the Rule 50(c) statement, consists *182 solely of tax protester rhetoric and legalistic gibberish. Based on well-established law, petitioner's position is frivolous and groundless. We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed. In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $ 5,000. Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, supra at 408-411. To reflect the foregoing, An order of dismissal and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We also note that the notice of deficiency was issued within↩ 3 years of the statutory due date for the filing of income returns for 1991 and 1992.
3. The petition filed in docket No. 22623-90 was dismissed for lack of jurisdiction by Order entered January 18, 1991, on the ground that the petition was not timely filed.↩