RICKARD H. SCRUGGS, AKA RICHARD H. SCRUGGS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scruggs v. Commissioner
Docket No. 4056-95
United States Tax Court
T.C. Memo 1995-355; 1995 Tax Ct. Memo LEXIS 355; 70 T.C.M. (CCH) 252; August 1, 1995, Filed *355 An order of dismissal and decision will be entered. Rickard H. Scruggs, pro se. For respondent: Diane E. Barr and Lourdes M. DeSantis. DAWSON, ARMEN
DAWSON; ARMEN
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This case is before the Court on (1) Respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And For Damages Under I.R.C. § 6673; (2) petitioner's Motion For Sanctions And For Reasonable Expenses Under Tax Court Rule 33(b); and (3) petitioner's Motion For Sanctions And *356 For Reasonable Costs Under I.R.C. Section 6673(2); 6673(2)(A) [sic]. [2]
Petitioner resided in Marietta, Georgia, at the time the petition was filed in this case. Respondent's Notice of Deficiency
By notice dated December 14, 1994, respondent determined deficiencies in, and additions to, petitioner's Federal income taxes for the taxable years 1987 through 1992 as follows: Additions to tax
Year
Deficiency
Sec. 6651(a)(1) Sec. 6654(a)
1987
$ 12,958
$ 3,240
$ 698
1988
12,906
3,227
825
1989
13,523
3,381
916
1990
14,024
3,506
924
1991
14,393
3,598
831
1992
15,120
3,780
661
The deficiencies in income taxes are based on respondent's determination that petitioner, a painter, failed to report income from self-employment on income tax returns for the 6 years in issue. [3] Specifically, for 1992 respondent determined that petitioner received nonemployee compensation from Baston-Cook of Atlanta, Inc. *357 in the amount of $ 55,451 and was entitled to deductions for business expenses in the amount of $ 8,318. For 1987 through 1991, respondent reconstructed petitioner's income using data published by the United States Bureau of Labor Statistics and determined that petitioner received net income during those years in the amounts of $ 37,470, $ 39,193, $ 40,983, $ 43,480, and $ 44,830, respectively. The additions to tax under section 6651(a)(1) are based on respondent's determination that petitioner's failure to file timely income tax returns for the years in issue was not due to reasonable cause. Finally, the additions to tax under section 6654(a) are based on respondent's determination that petitioner failed to pay estimated income taxes for the years in issue. Enclosed with the notice of deficiency that was sent to petitioner were some 15 *358 pages of statements and schedules setting forth the explanations for, and the computations supporting, respondent's various determinations. On February 15, 1995, petitioner returned a copy of the notice of deficiency to respondent marked "REFUSAL FOR CAUSE WITHOUT DISHONOR". The accompanying cover letter stated, in part, as follows: Enclosed you will find your [notice of deficiency] which I am returning Refused for Cause Without Dishonor. * * * I deny that I am a taxpayer or a resident of the United States or the State of Georgia. I am domiciled in Cobb County, Georgia state. I am not engaged in a revenue taxable activity, nor do I have income effectively connected with the United States government. I do not understand what tax you purport that I am liable for. If you do not produce evidence of the specific tax I am liable for, I will presume that such evidence does not exist, and I will consider this matter closed.
Petitioner's Petition
Petitioner filed a petition for redetermination on March 14, 1995. This document consists of 10 typewritten pages with some 23 exhibits attached thereto. The crux of petitioner's position, as set forth in the petition, is that the *359 notice of deficiency that was issued to him is invalid. In petitioner's view, the Commissioner is not authorized to determine a deficiency in income tax if the taxpayer does not file an income tax return for the taxable year for which the deficiency is determined. As is alleged in the petition, "For there to be a valid statutory notice, there must be a valid return." Respondent's Rule 40 Motion and Subsequent Developments
As indicated, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted And For Damages Under I.R.C. § 6673. Respondent's motion concludes, in part, as follows: The document filed in this case is not a proper petition, but rather is a statement making frivolous arguments with no factual basis. Petitioner's positions are totally without merit. * * * Petitioner filed this petition as a protest to paying income taxes. Such an action falls within the bounds of I.R.C. § 6673, Damages Assessable for Instituting Proceedings Before the Tax Court Primarily for Delay.
Shortly after respondent filed her motion to dismiss, the Court issued an order calendaring respondent's motion for hearing and also directing petitioner *360 to file a proper amended petition in accordance with the requirements of Rule 34. In particular, the Court directed petitioner to file a proper amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiencies and separate statements of every fact upon which the assignments of error are based. On June 6, 1995, petitioner filed an amended petition in which he essentially restated the same allegations as were set forth in his original petition and to which he attached the same 23 exhibits. As before, the amended petition alleged, "For there to be a valid statutory notice, there must be a valid return." The amended petition also set forth another argument in support of petitioner's theory that the notice of deficiency was invalid, namely, that the notice of deficiency was not verified. Respondent's motion to dismiss was called for hearing in Washington, D.C., on June 14, 1995. Petitioner appeared at the hearing and essentially repeated the arguments set forth in his pleadings. The Court told petitioner that those arguments were without merit and described the ambit of justiciable issues that potentially could be raised *361 by him. The Court also expressly advised petitioner of the provisions of section 6673. By Order dated June 14, 1995, the Court continued respondent's motion for further hearing and afforded petitioner another opportunity to file a proper amended petition. The Court's Order included the following two paragraphs: The petition and amended petition filed in this case contend that the notice of deficiency issued to petitioner is invalid because the Commissioner may not determine a deficiency in income tax if the taxpayer does not file an income tax return for the taxable year for which the deficiency is determined. As petitioner was told by the Court at the above-mentioned hearing, this argument has been totally discredited. See Roman v. Commissioner, T.C. Memo. 1995-175; Zyglis v. Commissioner, T.C. Memo. 1993-341, affd. without published opinion 29 F.3d 620 (2d Cir. 1994). In fact, such argument was a basis upon which the Court imposed a $ 5,000 penalty against the taxpayer in Roman v. Commissioner, supra, under authority of I.R.C. section 6673. As petitioner *362 was also told by the Court at the above-mentioned hearing, the petition and amended petition heretofore filed do not state a claim upon which relief can be granted. The Court would therefore be justified in granting respondent's pending motion to dismiss and would further be justified in imposing a penalty under I.R.C. section 6673 against petitioner in an amount not to exceed $ 25,000. Nevertheless, under the circumstances presented herein, the Court will test petitioner's professed good faith by allowing him an additional opportunity to file a proper amended petition.
On June 26, 1995, petitioner filed (1) a Second Amended Petition; (2) a Rule 50(c) statement; (3) a Motion For Sanctions And For Reasonable Expenses Under Tax Court Rule 33(b); and (4) a Motion For Sanctions And For Reasonable Costs Under I.R.C. Section 6673(2); 6673(2)(A). The Second Amended Petition closely tracks the Amended Petition and incorporates the same 23 documents as exhibits. However, petitioner did delete therefrom the allegation that "For there to be a valid statutory notice, there must be a valid return." Nevertheless, the prayer for relief includes a request that "the Court find in favor of the *363 petitioner on the basis that there is no return on which a valid deficiency could be determined, or examination performed". Petitioner's Rule 50(c) statement also argues that the notice of deficiency is invalid, relying heavily on the fact that the notice was not verified. Finally, the two motions essentially argue that respondent's counsel should be sanctioned for filing a motion that is, in petitioner's view, groundless and frivolous, thereby causing petitioner "mental anguish and considerable needless, additional expense." Expenses of "at least" $ 1,500 and costs of "at least" another $ 1,500 are requested. This case was called for further hearing in Washington, D.C., on June 28, 1995. Petitioner again appeared at the hearing and stated that he wished to stand on his Second Amended Petition. No effort was made at that time to raise any justiciable issue. Discussion
Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); *364 Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1), 123(b). In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, supra at 658 n.19; Gordon v. Commissioner, 73 T.C. 736, 739 (1980). *365 The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protester rhetoric and legalistic gibberish. See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). The Court's Order dated May 11, 1995, provided petitioner with an opportunity to assign error and allege specific facts concerning his liability for the taxable years in issue. Unfortunately, petitioner failed to respond properly to the Court's Order. Rather, petitioner elected to continue to proceed with tax protester rhetoric. See Abrams v. Commissioner, supra; Rowlee v. Commissioner, supra; McCoy v. Commissioner, supra; Karlin v. Commissioner, T.C. Memo. 1990-496. We see no need to catalog petitioner's contentions and *366 painstakingly address them. E.g., Nieman v. Commissioner, T.C. Memo. 1993-533; Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994). Moreover, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). The short answer to petitioner's arguments is that he is not exempt from Federal income tax or from the imposition of appropriate additions to tax. See Abrams v. Commissioner, supra at 406-407. We again reject as frivolous the contention that the Commissioner may not determine a deficiency because the taxpayer has not filed returns. See Zyglis v. Commissioner, T.C. Memo. 1993-341, affd. without published opinion 29 F.3d 620 (2d Cir. 1994); Roman v. Commissioner, T.C. Memo. 1995-175. *367 Finally, we find that the notice of deficiency was valid. E.g., Abrams v. Commissioner, 787 F.2d 939, 941 (4th Cir. 1986), affg. 84 T.C. 1308 (1985). In particular, section 6065, dealing with the verification of returns and certain other documents, imposes no requirement whatsoever on the Commissioner to verify notices of deficiency sent to taxpayers pursuant to section 6212. Spencer v. Commissioner, T.C. Memo. 1977-145 (section 6065 relates to returns and other documents filed with the Commissioner; there is no corresponding statutory requirement that a notice of deficiency sent by the Commissioner be similarly verified); see Fox v. Commissioner, T.C. Memo. 1993-277 (a notice of deficiency need not even be signed to be valid; a fortiori, it need not be verified).[4]
*368 Because the petition fails to state a claim upon which relief can be granted, we will grant so much of respondent's motion that moves to dismiss. See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984). We turn now to that part of respondent's motion that moves for an award of a penalty against petitioner under section 6673(a). As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $ 25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The record in this case convinces us that petitioner was not interested in disputing the merits of the deficiencies in income taxes or the additions to tax determined by respondent in the notice of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views. A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument *369 for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner's position, as set forth in the petition, the amended petition, the second amended petition, and the Rule 50(c) statement, consists solely of tax protester rhetoric and legalistic gibberish. Based on well established law, petitioner's position is frivolous and groundless. We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed. In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $ 2,500. Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, 82 T.C. at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, supra at 408-411. Finally, we will deny (1) Petitioner's *370 Motion For Sanctions And For Reasonable Expenses Under Tax Court Rule 33(b), and (2) petitioner's Motion For Sanctions And For Reasonable Costs Under I.R.C. Section 6673(2); 6673(2)(A). Those motions are frivolous and groundless, and they may appropriately be viewed as further indicia of petitioner's disregard for the adjudicatory process for legitimate tax disputes established by the Congress. In order to give effect to the foregoing, An order of dismissal and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner intended to reference section 6673(a)(2) and section 6673(a)(2)(A)↩.
3. In addition, respondent determined that petitioner also failed to report modest amounts of interest income from State Mutual Life on income tax returns for the years in issue.↩
4. The Court, in Fox v. Commissioner, T.C. Memo. 1993-277, noted as follows: Petitioner makes several additional arguments that he relates to the validity of the notice of deficiency. First, he argues that the "dummy" return used by respondent was not signed by petitioner, in supposed violation of secs. 6061 and 6065. Since petitioner filed no return, these provisions are inapplicable.↩