T.C. Memo. 1996-252


UNITED STATES TAX COURT


CRAIG A. BRATCHER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20553-95.                          Filed May 30, 1996.


Craig A. Bratcher, pro se.

<u>Jordan S. Musen</u>, <u>Stewart Todd Hittinger</u>, and <u>Diane L. Worland</u>,

for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable years in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge: This case is before the Court on (1) Respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, as supplemented, filed pursuant to Rule 40; (2) petitioner's Motion To Shift Burden Of Proof To Respondent; and (3) petitioner's Motion To "Quash The Going Forward With The Evidence".

Petitioner resided in Chesterton, Indiana, at the time that the petition was filed in this case.

Respondent's Notice of Deficiency

Respondent issued a notice of deficiency to petitioner dated July 12, 1995. In said notice, respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax:

| | | Additions to tax | |
|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1991 | $19,111[1] | $4,028 | $1,098 |
| 1992 | 12,037 | 3,009 | 524 |
| 1993 | 3,223 | 611 | 100 |

[1] The determination of a statutory deficiency does not take into account certain payments and credits, such as payment on account of estimated tax. See sec. 6211(b)(1); see also infra note 2.

The deficiencies in income taxes, which include self-employment taxes for 1991 and 1992, are based on respondent's

determination that petitioner failed to report income as reflected in the following schedule:

| Income | 1991 | 1992 | 1993 |
|--------|------|------|------|
| Nonemployee compensation | $56,115 | $34,726 | --- |
| Wages | --- | 6,780 | $25,541[1] |
| Interest | 36 | --- | --- |
| Total | 56,151 | 41,506 | 25,541 |

[1] For 1993, respondent gave petitioner credit for amounts withheld from his taxes insofar as his ultimate tax liability for that year is concerned. However, the determination of a statutory deficiency does not take such amounts into account. See sec. 6211(b)(1).

In making the foregoing determinations, respondent relied on Forms 1040X (Amended U.S. Individual Income Tax Return) that petitioner submitted in July 1994 for the taxable years 1991 and 1992. In this regard, the Form 1040X for 1991 disclosed "Total income" in the amount of $56,151, whereas the Form 1040X for 1992 disclosed "Total income" in the amount of $34,726.

In making the foregoing determinations, respondent also relied on the following Forms W-2 and 1099 that disclosed the payment of income to petitioner by various third-party payors:

1991

| Income | Payor | Amount |
|--------|-------|--------|
| Nonemployee compensation | A M Cabinets, Inc. | $3,535 |
| Interest | Founders National Bank | 36 |

1992

| Income | Payor | Amount |
|--------|-------|--------|
| Nonemployee compensation | A M Cabinets, Inc. | $2,980 |
| Wages | Adwood Corp. | 6,780 |

1993

| Income | Payor | Amount |
|--------|-------|--------|
| Wages | Adwood Corp. | $ 1,130 |
| Wages | USX Corp. | 24,411 |
| Total | | 25,541 |

The additions to tax under section 6651(a)(1) are based on respondent's determination that petitioner's failure to timely file income tax returns for the taxable years in issue was not due to reasonable cause.  Finally, the additions to tax under section 6654(a) are based on respondent's determination that petitioner failed to pay the requisite amount of estimated taxes for the taxable years in issue.

Petitioner's Petition and Amended Petition

Petitioner filed his petition on October 11, 1995.  The crux of petitioner's position is that the Commissioner may not determine a deficiency if a taxpayer has not filed a return. Thus, the petition includes the allegation that "For the Commissioner to make an 'examination' a return must exist."

On November 13, 1995, petitioner filed an amended petition. In his amended petition, petitioner admits that he did not file income tax returns for the taxable years in issue.  Petitioner also alleges, in part, as follows:

The alleged Notice of Deficiency has fail [sic] to prove that the petitioner was engaged in any income-producing activity during the years of the deficiency notice. Nor is their [sic] any evidence that the respondent's determination was based on information, other than that of presumption, concerning petitioner's alleged income-producing activities during the years in issue.

Petitioner then contends that respondent bears the burden of proof, and he offers what purports to be a memorandum of law on such matter. However, petitioner's "memorandum of law" is nothing other than an extended excerpt from this Court's opinion in <u>Senter v. Commissioner</u>, T.C. Memo. 1995-311, which has been subtly modified to make it appear as if it were petitioner's own submission.

<u>Respondent's Rule 40 Motion and Subsequent Developments</u>

As indicated, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted.[2] On

---

[2] Respondent subsequently supplemented her motion to dismiss in two respects. First, respondent supplemented her motion to account for an error in the determination of the addition to tax under sec. 6654(a) for 1991. In this regard, respondent acknowledges that the computation of such addition should take into account two payments made by petitioner in 1992 in the aggregate amount of $3,000. Accordingly, such addition has been reduced from $1,098 to $169.83.

Second, respondent supplemented her motion to decrease the total amount of income that petitioner failed to report for 1992. In this regard, respondent now asserts that petitioner failed to report $34,726; i.e., the amount disclosed by petitioner as "Total income" on petitioner's Form 1040X for 1992. Thus:

(continued...)

November 27, 1995, shortly after respondent filed her motion to dismiss, the Court issued an order calendaring respondent's motion for hearing and also directing petitioner to file a second amended petition in accordance with the requirements of Rule 34. In particular, the Court directed petitioner to file a second amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiency and separate statements of every fact upon which the assignments of error are based.

Petitioner responded to the Court's Order dated November 27, 1995, by filing a second amended petition on December 29, 1995. In his second amended petition, petitioner again admits that he did not file income tax returns for the taxable years in issue and alleges that respondent's deficiency determinations were not based on any factual evidence. The second amended petition also includes the following allegations:

---

(...continued)

| Income | 1992 |
| --- | --- |
| Nonemployee compensation | $27,946 |
| Wages | 6,780 |
| Interest | --- |
| Total | 34,726 |

As a consequence of the foregoing, respondent recomputed the deficiency and the additions to tax for 1992, as follows:

| Year | Deficiency | Additions to tax | |
| --- | --- | --- | --- |
| | | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1992 | $9,314 | $2,329 | $406 |

Petitioner has never been notified of a duty to file, or that any requirement was placed upon the Petitioner to file, nor was Petitioner ever served with any notice by the Commissioner of Internal Revenue requiring Petitioner to keep records or file a tax return or statement; * * *

* * * * * * *

Petitioner's Official Records (IMF, not to exclude other systems of records), created and maintained solely by the Internal Revenue Service, reflects the Internal Revenue Service fraud upon Petitioner.

## Petitioner's Two Motions

On December 29, 1995, petitioner filed his first motion, namely, the Motion To Shift Burden Of Proof To Respondent. This motion is premised on petitioner's argument that respondent's deficiency determinations were not based on any factual evidence.

On January 11, 1996, petitioner filed his second motion, namely, the Motion To "Quash The Going Forward With The Evidence". Such motion closely tracks petitioner's first motion but also alleges various violations of petitioner's Constitutional rights.

## The Hearing on the Parties' Motions

Respondent's motion to dismiss and petitioner's two motions were called for hearing in Washington, D.C., on February 14, 1996, and again on March 6, 1996. Counsel for respondent appeared at the hearings and presented argument and adduced evidence in respect of the pending motions. Petitioner did not

appear at either hearing.  However, he did file a Rule 50(c)
statement, together with an "Affidavit of Fact", prior to the
first hearing.

In his "Affidavit of Fact", petitioner alleges, inter alia,
that he is an "Indiana state Citizen * * * having a working
knowledge and understanding of the Internal Revenue Code (Title
26 USC) and its implementing regulations."  Petitioner also
alleges that he:

> has read and studied the Internal Revenue Code and its
> implementing regulations, and various internal policy
> and procedural manuals, thereby [he] has determined
> that [his] current status is not that of a "taxpayer"
> * * *

Petitioner's Forms 1040X

At the hearing on February 14, 1996, respondent introduced
copies of the Forms 1040X that petitioner submitted to respondent
in July 1994.  On Line 1 of Form 1040X for 1991, petitioner
reported "Total income" in the amount of $56,151, whereas on Line
2 petitioner claimed an "Adjustment to income" in the form of
"income from 'without U.S.'" in the same amount, thereby
eliminating all income.  Similarly, on Line 1 of Form 1040X for
1992, petitioner reported "Total income" in the amount of
$34,726, whereas on Line 2 petitioner claimed an "Adjustment to
income" in the form of "income from 'without U.S.'" in the same
amount, once again eliminating all income.  Both Forms 1040X
refer to "attached supporting forms".

In the "attached supporting forms", petitioner alleges, inter alia, that the 50 States are excluded from the definition of "United States" for purposes of the income tax under subtitle A of the Internal Revenue Code. Petitioner further alleges that although he is a resident of Chesterton, Indiana, he is neither a "U.S. Citizen" nor a "resident" or "inhabitant" of the United States. Petitioner basically concludes that all income received by him is not taxable because it constitutes "compensation for labor or personal services performed without the United States". Petitioner finishes by attempting to revoke his signature on all prior Federal income tax returns. Thus:

> I hereby REVOKE all signatures, of the property known as CRAIG BRATCHER, that appear on every 1040 Form (Codicil), including, but not limited to, the "original" 1040 Forms and any/all other federal forms and documents for the years 1958 through 1993.

Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982).

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error

that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and any addition to tax in dispute.  Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error.  See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982).  The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal.  Rules 34(a)(1); 123(b).

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Moreover, any issue not raised in the pleadings is deemed to be conceded.  Rule 34(b)(4); Jarvis v. Commissioner, supra at 658 n.19; Gordon v. Commissioner, 73 T.C. 736, 739 (1980).

The petition, amended petition, and the second amended petition filed in this case do not satisfy the requirements of Rule 34(b)(4) and (5).  There is neither assignment of error nor allegation of fact in support of any justiciable claim.  Rather, there is nothing but tax protester rhetoric and legalistic gibberish, as demonstrated by the passages from petitioner's pleadings and other documents that were previously quoted.  See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v.

Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).

The Court's order dated November 27, 1995, provided petitioner with an opportunity to assign error and allege specific facts concerning his liability for the taxable years in issue. Unfortunately, petitioner failed to respond to the Court's order in a meaningful fashion.

We see no need to catalog petitioner's arguments and painstakingly address them. As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that petitioner is not exempt from Federal income tax or from the obligation to file income tax returns. See sec. 6012(a)(1); Abrams v. Commissioner, supra at 406-407. Moreover, the contention that the Commissioner cannot determine a deficiency because the taxpayer has not filed an income tax return is frivolous. Zyglis v. Commissioner, T.C. Memo. 1993-341, affd. without published opinion 29 F.3d 620 (2d Cir. 1994); Scruggs v. Commissioner, T.C. Memo. 1995-355; Roman v. Commissioner, T.C. Memo. 1995-175.

We also think it appropriate to comment briefly on petitioner's allegation that respondent's deficiency

determinations were not based on any factual evidence. Here we note that for 1991 and 1992, respondent's deficiency determinations, as supplemented in respondent's motion to dismiss, were based on admissions made by petitioner in Forms 1040X submitted by petitioner in July 1994. In other words, petitioner has been charged with having no more income than the amounts disclosed by petitioner on the Forms 1040X that he himself submitted to respondent. Moreover, we note that petitioner has repeatedly admitted that he failed to file income tax returns for the years in issue, an admission that confirms respondent's determination and that provides a basis for imposing additions to tax under sections 6651(a)(1) and 6654(a).

Insofar as 1993 is concerned, we note that respondent's deficiency determination is based on two Forms W-2 submitted to respondent under petitioner's name and taxpayer identification number. The Forms W-2 disclose the payment of wages by USX Corporation in the amount of $24,411 and by Adwood Corporation in the amount of $1,130.

We think it significant that petitioner has not denied that he was employed by either USX Corporation or Adwood Corporation in 1993. Indeed, petitioner has not even denied receiving the amount of wages that respondent determined he received. If

petitioner had wanted to dispute any of these matters, it would have been extraordinarily easy for him to have done so.[3]

Given the factual basis for respondent's deficiency determinations, as supplemented in respondent's motion to dismiss, for the taxable years in issue, petitioner is in no position to argue that such determinations are arbitrary. Zuhone v. Commissioner, 883 F.2d 1317, 1325-1326 (7th Cir. 1989), affg. T.C. Memo. 1988-142.

Because the petition, amended petition, and second amended petition fail to state a claim upon which relief can be granted, we will grant respondent's motion to dismiss, as supplemented.[4] See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984). We will also deny petitioner's two motions because they represent nothing other than a restatement of the claims made by petitioner in his pleadings.

---

[3] The fact that petitioner may deny receiving taxable income, as opposed to compensation, is to no avail. In this regard, the record is clear that petitioner's views on what is taxable are not based on provisions of the Internal Revenue Code, but rather reflect frivolous and groundless tax-protester arguments.

[4] The fact that respondent has conceded part of the deficiency and additions to tax for 1992, as well as part of the addition to tax under sec. 6654(a) for 1991, is attributable to the Court's involvement in this case and not to any effort by petitioner to address the merits of this case.

We turn now, on our own motion, to the award of a penalty against petitioner under section 6673(a).

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income taxes or the additions to tax determined by respondent in the notice of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner's position, as set forth in his pleadings and other filings, consists solely of tax protester rhetoric and legalistic gibberish. Based on well-established law, petitioner's position is frivolous and groundless.

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for

purposes of delay.  Having to deal with this matter wasted the Court's time, as well as respondent's.  Moreover, taxpayers with genuine controversies were delayed.

In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $2,500.  Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, supra at 408-411.

In order to reflect the foregoing,

An order of dismissal and
decision will be entered.[5]

_____

[5] See supra note 2.