T.C. Memo. 2004-107

UNITED STATES TAX COURT

WILLIAM H. JOHNSTON AND NANCY S. JOHNSTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3011-02.                    Filed April 23, 2004.

William H. Johnston and Nancy S. Johnston, pro sese.

<u>David B. Mora</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  By separate notices of deficiency,
respondent determined deficiencies in each petitioner's Federal
income taxes in the amounts of $2,111 for 1994, $5,563 for 1996,
and $2,126 for 1997.[1]  Respondent also determined that each

_____

[1]  Respondent determined that, under Texas community
                                              (continued...)

petitioner is liable for additions to tax for failure to file under section 6651(a)(1) of $100 for 1994 and $120 for 1997,[2] and for failure to pay estimated tax under section 6654 of $18.99 for 1997. For the addition to tax for failure to file under section 6651(a)(1) for 1996, respondent determined that Nancy S. Johnston is liable for $100 and that William H. Johnston is liable for $61.[3]

The issues for decision are:

1. Whether petitioners each have deficiencies in income tax in the amounts respondent determined for 1994, 1996, and 1997. We hold that they do.

2. Whether petitioners are each liable for additions to tax for failure to file under section 6651(a)(1) for 1994, 1996, and 1997, and for failure to pay estimated tax under section 6654 for 1997. We hold that they are.

3. Whether petitioners are liable for a penalty under section 6673 for instituting proceedings primarily for delay and

---

[1](...continued)
property law, each petitioner received one-half of the total income received by petitioners in 1994, 1996, and 1997. Tex. Fam. Code Ann. secs. 3.001-3.309 (Vernon 2002).

[2] Respondent also determined that petitioners are liable for additions to tax for failure to pay tax under sec. 6651(a)(2) for 1996 and 1997. Respondent concedes that petitioners are not liable for additions to tax under sec. 6651(a)(2) for 1996-97.

[3] Respondent determined a larger addition to tax under sec. 6651(a)(1) for 1996 for Nancy S. Johnston because less tax was withheld from her than from William H. Johnston.

for maintaining frivolous or groundless positions.  We hold that they are in the amount stated below.

Section references are to the Internal Revenue Code as amended.  References to petitioner are to William H. Johnston.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioners were married and lived in Texas during the years in issue and when the petition was filed.

Petitioners received the following amounts of income:

1994

| Description | Amount | Source |
| --- | --- | --- |
| Wages | $22,109 | Flour Daniel, Inc. |
| Wages | 8,416 | Aeroteck |
| Interest | 348 | All American |
| Social Security | 8,331 | U.S. Treasury |
| Pension | 155 | International Brotherhood of Electrical Workers |
| Pension | 2,816 | Dixie National Life Insurance, Co. |
| Total | $42,175 | |

1996

| Description | Amount | Source |
| --- | --- | --- |
| Wages | $47,300 | Lebarge & Associates, Inc. |
| Wages | 10,295 | Apollo Industrial Services, Inc. |
| Wages | 3,653 | Austin Industries, Inc. |
| Wages | 2,211 | Cleveland Inspection Service, Inc. |
| Interest | 264 | All American |
| Unemployment compensation | 1,554 | State of Texas |
| Social Security | 3,030 | U.S. Treasury |
| Pension | 468 | International Brotherhood of Electrical Workers |
| Pension | 3,382 | Dixie National Life Insurance, Co. |
| Total | $72,157 | |

## 1997

| Description | Amount | Source |
| --- | --- | --- |
| Wages | $10,092 | Mustang Engineering, Inc. |
| Wages | 9,805 | National Inspection Consultants |
| Wages | 2,800 | Selectek, Inc. |
| Wages | 600 | Apollo Industrial Services, Inc. |
| Interest | 228 | All American |
| Unemployment compensation | 6,011 | State of Texas |
| Social Security | 10,261 | U.S. Treasury |
| Pension | 468 | International Brotherhood of Electrical Workers |
| Pension | 3,382 | Dixie National Life Insurance, Co. |
| Total | $43,647 | |

Petitioners did not file income tax returns for 1994, 1996, and 1997.  Petitioners did not pay any estimated tax in 1997.

OPINION

A.    Income Tax Deficiencies

Petitioners contend that they are not liable for tax for the years at issue because the notices of deficiency are invalid. Petitioners contend that:  (1) The Commissioner may not determine a deficiency for a year for which a taxpayer did not file a return; (2) petitioners' income is not taxable because they did not file returns; and (3) respondent did not prepare a return for each of the years in issue that qualified as a substitute return under section 6020(b).[4]  We disagree.

_____

[4]  The Commissioner may prepare substitute returns for taxpayers who fail to file returns.  Sec. 6020(b)(1).  A Form
(continued...)

Petitioners' contention that the Commissioner cannot determine a deficiency for a year for which a taxpayer did not file a return is frivolous. Scruggs v. Commissioner, T.C. Memo. 1995-355, affd. without published opinion 117 F.3d 1433 (11th Cir. 1997); Roman v. Commissioner, T.C. Memo. 1995-175; Zyglis v. Commissioner, T.C. Memo. 1993-341, affd. without published opinion 29 F.3d 620 (2d Cir. 1994). Petitioners' contention that failure to file a return shields the nonfiler from income tax liability is also frivolous. Where a taxpayer files no return, the deficiency is determined as if a return had been filed on which the taxpayer reported that the amount of tax due was zero; thus, the deficiency is the amount of tax due. Laing v. United States, 423 U.S. 161, 174 (1976); Schiff v. United States, 919 F.2d 830, 832-833 (2d Cir. 1990); Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir. 1988). Finally, petitioners' contention that the Commissioner must file a substitute for return under section 6020(b) before determining a deficiency is also frivolous. Schiff v. United States, supra; Roat v. Commissioner, supra.

---

[4](...continued)
1040, U.S. Individual Income Tax Return, qualifies as a sec. 6020(b) return if it contains a taxpayer's name, address, Social Security number, filing status, and information sufficient to compute the taxpayer's tax liability, and if it is signed by an authorized employee of the IRS. Cabirac v. Commissioner, 120 T.C. 163, 171-172 (2003); Millsap v. Commissioner, 91 T.C. 926 (1988).

Petitioners received income in the amounts respondent determined and did not file income tax returns for the years in issue.[5] Petitioners point out that respondent determined that petitioners are not entitled to deductions for business expenses to which petitioners claim they are entitled. However, petitioners offered no evidence contrary to respondent's determination.

We conclude that petitioners are each liable for deficiencies in the amounts that respondent determined for 1994, 1996, and 1997.

B.   Additions to Tax

Petitioners admit that they did not file income tax returns for 1994, 1996, and 1997, and that they received income in those years in the amounts respondent determined. The parties stipulated to transcripts of account which show that (1) taxes were underwithheld from petitioners' income for 1997 and (2) petitioners did not pay estimated tax for 1997. Respondent has met the burden of production under section 7491(c) as to the additions to tax under section 6651(a) for failure to file for 1994, 1996, and 1997, and under section 6654 for failure to pay

---

[5] Petitioners do not contend and have offered no evidence showing that sec. 7491(a) applies in this case. Taxpayers bear the burden of proving that they have met the requirements of sec. 7491(a). H. Conf. Rept. 105-599, at 239 (1998), 1998-3 C.B. 747, 993; S. Rept. 105-174, at 45 (1998), 1998-3 C.B. 537, 581.

estimated tax for 1997.

Petitioners do not contend that they had reasonable cause for failure to file their 1994, 1996, and 1997 returns or failure to pay estimated tax for 1997. They offered no evidence showing that they are not liable for those additions to tax. We conclude that petitioners are liable for the additions to tax under section 6651(a) for failure to file for 1994, 1996, and 1997, and under section 6654 for failure to pay estimated tax for 1997.

C.   Section 6673 Penalty

Respondent moved that the Court impose a penalty on petitioners under section 6673 on the grounds that petitioners instituted and maintained this case primarily for delay and that their position is frivolous.

The Court may impose on a taxpayer a penalty of up to $25,000 if the taxpayer instituted or maintained proceedings primarily for delay, if the taxpayer's position is frivolous or groundless, or if the taxpayer unreasonably failed to pursue administrative remedies. Sec. 6673. A taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioners contend that their arguments are not frivolous and that they are not using this case for delay. We disagree.

All of petitioners' arguments at trial and in documents filed with the Court are frivolous. Petitioners did not offer any evidence to support their claim that they had business expenses in the years in issue. The Court told petitioners that their arguments before and during trial were frivolous and that we would consider imposing a penalty under section 6673 if petitioners continued to maintain frivolous positions. Despite this admonition, petitioners continued to make frivolous arguments in this case.

In a prior case, the U.S. Court of Appeals for the Fifth Circuit affirmed the dismissal of petitioners' bankruptcy claims and admonished petitioners for making allegations that bordered on frivolous, relying on tax-protester rhetoric, and engaging in meritless and time-consuming dealings with the Internal Revenue Service to delay those proceedings. Johnston v. IRS, 80 AFTR 2d 97-7325, 97-2 USTC par. 50,867 (5th Cir. 1997).

We conclude that petitioners maintained these proceedings primarily for delay and that their positions are frivolous. We conclude that petitioners are liable for a penalty of $5,000 under section 6673.

Accordingly,

An appropriate order and decision will be entered for respondent in amounts consistent with the foregoing.