T.C. Memo. 2012-200

UNITED STATES TAX COURT

KRISTOPHER R. SAUNDERS AND JESSIKA R. SAUNDERS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13268-10.                          Filed July 17, 2012.

Kristopher R. Saunders and Jessika R. Saunders, pro se.

<u>Edward Lee Walter</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Chief Judge</u>:  Respondent determined a $2,484 deficiency in

petitioners' 2007 Federal income tax.[1]  After concessions, the issue for decision is

---

[1]Unless otherwise noted, all section references are to the Internal Revenue
Code in effect for the year at issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

whether petitioners are entitled to deduct unreimbursed employee business expenses attributable to Kristopher R. Saunders' commuting from his residence to temporary worksites.[2]

The parties have stipulated some facts, which are incorporated by this reference. Petitioners resided in Ohio when they filed their petition.

FINDINGS OF FACT

In 2007 Mr. Saunders performed construction services as an employee of Valley Interior Systems, in Cincinnati, Ohio. He did not, however, report to Valley Interior Systems' office in Cincinnati. Rather, during 2007 he traveled to five temporary worksites. None of the jobs lasted more than a few months. The temporary worksites ranged in distance from 74 to 96 miles from petitioners' residence in Manchester, Ohio.[3] Each workday Mr. Saunders drove directly from

---

[2] Respondent concedes that petitioners are entitled to deductions for $200 of mortgage points, $584 of mortgage interest, and $2,400 of union dues paid in 2007, subject to statutory limitations.

[3] One worksite was at 5500 Deerfield Blvd., Mason, Ohio, 85 miles one way from petitioners' residence and 20 miles one way from downtown Cincinnati. Another worksite was at 107 Oregonia Rd., Lebanon, Ohio, 88 miles one way from petitioners' residence and 31 miles one way from downtown Cincinnati. (The distances of these two worksites from downtown Cincinnati are not established in the record but we take judicial notice of them pursuant to Fed. R. Evid. 201(b).) The record does not disclose the cities in which the other three worksites were located but indicates that these worksites were located variously at 74, 82, and 96

(continued...)

his residence to his then-current worksite, and at the end of the workday he drove directly home. For reasons unexplained in the record, Valley Interior Systems did not reimburse Mr. Saunders for his expenses of commuting between his residence and these worksites.

On Schedule A, Itemized Deductions, of their joint 2007 Federal income tax return, petitioners claimed a $23,802 deduction for unreimbursed employee business expenses, apparently attributable mainly to Mr. Saunders' claimed automotive expenses for commuting between his residence and the temporary worksites.[4] In the notice of deficiency, respondent disallowed $23,121 of the claimed unreimbursed employee business expenses.[5]

---

[3](...continued)
miles from petitioners' residence.

[4]The record does not contain a copy of petitioners' 2007 income tax return. The information described above is based on the parties' stipulations, the notice of deficiency, and respondent's transcripts of petitioners' account, which are in evidence.

[5]Although respondent allowed the remaining $681 of unreimbursed employee business expenses, this determination resulted in no net benefit to petitioners after application of the 2% limitation of sec. 67(a).

OPINION

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect.[6] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

A taxpayer's costs of commuting between his or her residence and place of business are generally nondeductible personal expenses, regardless of the distances involved. See Fausner v. Commissioner, 413 U.S. 838 (1973); Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); Feistman v. Commissioner, 63 T.C. 129, 134-135 (1974); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.

There are various exceptions to this general rule. Under one exception, expenses incurred commuting between a taxpayer's residence and a place of business may be deductible if the residence is the taxpayer's principal place of business. See Strohmaier v. Commissioner, 113 T.C. 106, 113-114 (1999).

---

[6]Petitioners have not claimed or shown that they meet the requirements of sec. 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

Petitioners do not claim and the evidence does not suggest that their residence was Mr. Saunders' principal place of business or that he maintained a home office there.

As another exception to the general rule of nondeductibility of commuting expenses, travel expenses between a taxpayer's residence and temporary work locations may be deductible if the taxpayer also has one or more regular work locations away from the taxpayer's residence. See Bogue v. Commissioner, T.C. Memo. 2011-164; Rev. Rul. 99-7, 1999-1 C.B. 361. Petitioners do not claim, and the evidence does not show, that Mr. Saunders had any regular work location in 2007.

As another exception to the general rule of nondeductibility of commuting expenses, according to Rev. Rul. 99-7, 1999-1 C.B. at 362, a taxpayer may deduct travel expenses between his or her residence and temporary work locations outside of the "metropolitan area" where the taxpayer lives and normally works. See Brockman v. Commissioner, T.C. Memo. 2003-3; Aldea v. Commissioner, T.C. Memo. 2000-136. Observing that the term "metropolitan area" is ill defined for this purpose, this Court has indicated that rather than adopt a rigid test it will consider the facts and circumstances in deciding whether particular travel expenses were incurred in traveling to a worksite unusually distant from the area where the

taxpayer lives and normally works. <u>Bogue v. Commissioner</u>, T.C. Memo. 2011-164 (citing <u>Ellwein v. United States</u>, 778 F.2d 506, 511 (8th Cir. 1985), <u>Dahood v. United States</u>, 747 F.2d 46, 48 (1st Cir. 1984), and <u>Frederick v. United States</u>, 603 F.2d 1292, 1295 (8th Cir. 1979)). For the reasons discussed below, petitioners cannot prevail under either formulation of this exception.

During 2007 petitioners resided in Manchester, Ohio. Mr. Saunders had no place of business to which he reported regularly. Instead, he traveled directly from his residence to one of five temporary worksites, located between 74 and 96 miles away. He testified that "my main area is Cincinnati. Cincinnati metropolitan area." The evidence does not establish that any of the temporary worksites where he worked in 2007 should be considered to be outside of the Cincinnati metropolitan area so as to meet the exception as articulated in Rev. Rul. 99-7, <u>supra</u>.[7] Similarly,

_____

[7]Without suggesting the adoption of any rigid definition of the meaning of "metropolitan area" for this purpose, <u>see</u> <u>Bogue v. Commissioner</u>, T.C. Memo. 2011-164, we take judicial notice that Mason, Ohio, and Lebanon, Ohio--the only two cities specifically identified in the record as temporary worksites for Mr. Saunders in 2007--are in Warren County, Ohio, which is part of the Cincinnati-Middletown, OH-KY-IN Metropolitan Statistical Area as defined in OMB Bulletin No. 08-01 (Nov. 20, 2007), <u>available at</u> http://www.whitehouse.gov/sites/default/files/omb/bulletins/fy2008/b08-01.pdf. In addition, we take judicial notice that petitioners' residence in Manchester, Ohio, is in Adams County, Ohio, which is not included in the Cincinnati-Middletown, OH-KY-IN Metropolitan Statistical

(continued...)

the evidence does not establish that there is any other particular area where Mr. Saunders lived <u>and</u> normally worked in 2007 from which any of his temporary worksites would be unusually distant, under the formulation of <u>Bogue</u>.

In sum, we conclude that petitioners have failed to establish that they meet any exception to the general rule treating commuting expenses as nondeductible personal expenses.

Petitioners contend that they should be entitled to deduct Mr. Saunders' commuting expenses because he was permitted to claim them for a prior year. Petitioners are mistaken on this ground. Each tax year stands on its own and must be separately considered. <u>See</u> <u>United States v. Skelly Oil Co.</u>, 394 U.S. 678, 684 (1969). The Commissioner is not bound in any given year to allow a deduction permitted for a prior year. <u>See, e.g.</u>, <u>Lerch v. Commissioner</u>, 877 F.2d 624, 627 n.6 (7th Cir. 1989), <u>aff'g</u> T.C. Memo. 1987-295; <u>Pekar v. Commissioner</u>, 113 T.C. 158, 166 (1999). In any event, the determination as to applicability of an exception to the general rule of nondeductibility of commuting expenses is inherently factual.

---

[7](...continued)
 Area. But because by his own testimony Mr. Saunders normally worked in the Cincinnati metropolitan area, petitioners have failed to show that any of his claimed commuting expenses related to work locations outside the metropolitan area where he lived <u>and</u> normally worked as required under Rev. Rul. 99-7, 1999-1 C.B. 361.

On this record, which reveals very little about the facts of petitioners' earlier tax years, we are unable to say that the facts are sufficiently similar to compel similar results.

To reflect respondent's concessions and the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.