T.C. Memo. 2012-312

UNITED STATES TAX COURT

EDDIE W. HARRIS, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13304-11.                               Filed November 7, 2012.

Eddie W. Harris, Jr., pro se.

<u>Timothy B. Heavner</u> and <u>Matthew S. Reddington</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Chief Judge</u>:  Respondent determined a $9,075 deficiency in

petitioner's 2008 Federal income tax and additions to tax of $1,939, $905, and

[*2] $275 under sections 6651(a)(1) and (2) and 6654(a), respectively.[1] The issues

for decision are: (1) whether petitioner must include in gross income all of the

unemployment compensation that he received during 2008; (2) whether petitioner

may deduct any unreimbursed employee traveling expenses for 2008; and (3)

whether petitioner is liable for the additions to tax.

FINDINGS OF FACT

The parties have stipulated some facts, which we find accordingly. When he

petitioned the Court, petitioner resided in Virginia.

During 2008 petitioner received wages from these employers as reported to

the Internal Revenue Service (IRS): $22,863 from Forest Electric Corp. (Forest),

$5,848 from Dynalectric Co. (Dynalectric), $14,142 from Chewning & Wilmer, Inc.

(Chewning), $1,940 from Tate & Hill, Inc., and $7,633 from Miller Electric Co.

Additionally, during 2008 petitioner received $308 of interest income from

Wachovia Bank, N.A., and $7,137 of unemployment compensation from the

Virginia Employment Commission.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code (Code) in effect for the year at issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure. All monetary amounts are rounded to the
nearest dollar.

**[\*3]**   At various times throughout 2008 petitioner traveled to job locations in New Jersey, Maryland, and Virginia for his work with Forest, Dynalectric, and Chewning, respectively.

Petitioner filed no Federal income tax return for 2008.  Respondent prepared a substitute for return (SFR) pursuant to section 6020(b).  In the notice of deficiency respondent determined that petitioner had unreported income in the amounts described above.

## OPINION

### I.  Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that they are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Because, as discussed below, petitioner has not complied with the Code's substantiation requirements and has not maintained all required records, the burden of proof as to any relevant factual issue does not shift to respondent under section 7491(a).  See sec. 7491(a)(1) and (2); Higbee v. Commissioner, 116 T.C. 438, 442-443 (2001).

### II.  Unemployment Compensation

Petitioner does not dispute receiving wages, interest income, and unemployment compensation from third-party payers as reported to the IRS.  He

**[\*4]** contends, however, that $2,500 of his unemployment compensation should be exempt from income tax. Petitioner is mistaken.

Gross income includes an individual's unemployment compensation. Sec. 85(a). Although a special rule provides a $2,400 exclusion for unemployment compensation for taxable years beginning in 2009, see sec. 85(c) (as enacted in the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, sec. 1007, 123 Stat. at 317), that special rule does not apply for taxable years beginning in 2008. Consequently, pursuant to section 85(a) the entire amount of unemployment compensation that petitioner received in 2008 is included in his gross income.

III. Traveling Expenses

At trial petitioner contended that he is entitled to deduct lodging, meals, incidental, and mileage expenses that he incurred in 2008 in the course of employment-related travel.[2] He contends that these claimed deductions more than offset his gross income.

---

[2]Generally, a taxpayer's personal commuting expenses are not deductible. See Commissioner v. Flowers, 326 U.S. 465, 473 (1946). An exception to this general rule may apply when the taxpayer pays traveling expenses to and from his residence and a temporary work location outside the metropolitan area where the taxpayer normally works and resides. See, e.g., Saunders v. Commissioner, T.C. Memo. 2012-200. Petitioner appears to claim he is entitled to deduct his traveling expenses to and from the Forest, Dynalectric, and Chewning work locations because of this exception. Respondent has not challenged this assertion or raised the issue during this proceeding, and we do not consider it further.

**[\*5]**  Traveling expenses (including meals and lodging while away from home) and expenses paid or incurred with respect to listed property, e.g., passenger automobiles or other property used as a means of transportation, are deductible only if the taxpayer meets stringent substantiation requirements.  Secs. 274(d), 280F(d)(4); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Generally, to substantiate a traveling expense deduction under section 274(d) a taxpayer must maintain an account book, a diary, a log, a statement of expenses, trip sheets, or a similar record and documentary evidence which, in combination, are sufficient to establish the amount of each separate expenditure, the dates of departure and return for each trip away from home, the destination or locality of travel, and the business purpose for the trip.  Sec. 1.274-5T(b)(2), (c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46017 (Nov. 6, 1985).

Petitioner contends that the Act of May 24, 1985, Pub. L. No. 99-44, sec. 1(a), 99 Stat. at 77, obviated any requirement to keep written records or documentation.  Petitioner is mistaken.  The cited legislation amended section 274(d) to require substantiation by "adequate records or by sufficient evidence

[*6] corroborating the taxpayer's own statement".[3] Contemporaneous written evidence of time, place, and business purpose is considered of higher probative value than oral evidence alone. See sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985); see also Reynolds v. Commissioner, 296 F.3d 607, 615-616 (7th Cir. 2002) (noting that keeping written records is not the only method to prove section 274 expenses but alternative methods are disfavored), aff'g T.C. Memo. 2000-20.

Petitioner has offered practically no substantiation of his claimed traveling expenses apart from his vague testimony. He could not provide the exact dates he worked at each location, could not recall exactly where he lodged or ate, and could not explain why for certain trips his claimed traveling expenses exceeded the income earned. Claiming to have paid cash for his traveling expenses, he failed to introduce any written documentation other than a handwritten sheet of paper on which he claimed to have tallied up, apparently long after the fact, the number of

---

[3]Before amendment in 1985, sec. 274(d) required taxpayers to maintain contemporaneous records to substantiate deductions for travel expenses, business use of automobiles, and listed property. The Act of May 24, 1985, Pub. L. No. 99-44, sec. 1(a), 99 Stat. at 77, revised sec. 274(d) to remove this contemporaneous requirement in favor of a standard that required taxpayers to keep "adequate records or by sufficient evidence corroborating the taxpayer's own statement". H.R. Conf. Rept. No. 99-67, at 6 (1985), 1985 U.S.C.C.A.N. 44, 46; see sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

**[\*7]** days he traveled in 2008. Petitioner has failed to satisfy the strict substantiation requirements of section 274.

Petitioner contends that in lieu of substantiating actual costs, he is entitled to use the Federal per diem allowance to calculate his lodging, meals, and incidental expense deductions associated with his Forest and Dynalectric jobs. In support of his contention, petitioner submitted a handwritten sheet of paper, dated December 27, 2009, that detailed his purported per diem calculations. Petitioner claimed travel expense deductions of $31,500 related to his employment with Forest and $22,050 related to his employment with Dynalectric. Petitioner calculated his Forest deductions as 140 days with a $225 per diem allowance and his Dynalectric deductions as 98 days with a $225 per diem.[4]

The Commissioner is authorized to prescribe rules under which certain types of expense allowances, including per diem allowances for ordinary and necessary expenses for traveling away from home, will be regarded as satisfying the substantiation requirements of section 274(d). Sec. 1.274-5(j), Income Tax Regs. Under this authority, the Commissioner issued Rev. Proc. 2007-63, 2007-2

---

[4]Petitioner has not explained the provenance of these claimed per diem amounts but appears to have used a Federal per diem allowance that applies only to employers for reimbursements of lodging, meals, and incidental expenses. <u>See</u> IRS Publication 1542, Per Diem Rates. Because petitioner is an employee, such an allowance is inapplicable to him.

**[*8]** C.B. 809, and Rev. Proc. 2008-59, 2008-2 C.B. 857,[5] which provide rules for using a per diem method to substantiate the amounts of lodging, meals, and incidental expenses paid or incurred away from the taxpayer's home.

Employees who are not reimbursed by their employers may use an optional per diem method in lieu of using actual expenses to compute their deductible meal and incidental expenses paid or incurred in the course of employment-related travel. Rev. Proc. 2007-63, sec. 1, 2007-2 C.B. at 809; Rev. Proc. 2008-59, sec. 1, 2008-2 C.B. at 857. Under this optional method, meal and incidental expenses may be computed on the basis of the Federal meal and incidental expense rate for the locality of travel for each calendar day the employee is away from home. Rev. Proc. 2007-63, sec. 4.03, 2007-2 C.B. at 811; Rev. Proc. 2008-59, sec. 4.03, 2008-2 C.B. at 860. The amount will be deemed substantiated for purposes of section 1.274-5, Income Tax Regs., provided the employee substantiates the elements of time, place, and business purpose of the travel for that day. See, e.g., Romer v. Commissioner, T.C. Memo. 2001-168; Reynolds v. Commissioner, T.C. Memo. 2000-20; Rev. Proc. 2007-63, sec. 4.03; Rev. Proc. 2008-59, sec. 4.03. Employees

---

[5]The Commissioner issues an updated revenue procedure each year enumerating the per diem rules. Rev. Proc. 2007-63, 2007-2 C.B. 809, applies for petitioner's disputed expenses incurred before October 1, 2008. Rev. Proc. 2008-59, 2008-2 C.B. 857, applies for petitioner's disputed expenses incurred on or after October 1, 2008.

[*9] are not permitted, however, to use a per diem allowance for lodging expenses paid or incurred away from home and therefore must substantiate the amount, time, place, and business purpose of each claimed lodging expense. Rev. Proc. 2007-63, sec. 1; Rev. Proc. 2008-59, sec. 1. As previously discussed, petitioner has failed to substantiate the time, place, and business purpose of his claimed traveling expenses. Consequently, he is not entitled to deduct traveling expenses using this optional per diem allowance.

Petitioner contends that even if he is not entitled to deductions for traveling expenses based on the per diem allowance, he should be entitled to deduct expenses of driving to and from the Forest, Dynalectric, and Chewning work locations using the standard mileage rate provided in Rev. Proc. 2007-70, sec. 9, 2007-2 C.B. 1162, 1168, and Announcement 2008-63, 2008-2 C.B. 114. Petitioner introduced an undated, handwritten sheet of paper to support his standard mileage deduction claim. On the basis of the markings on this sheet of paper, petitioner asserted that he was entitled to a $63,838 deduction under the standard mileage rate available for 2008. Specifically, petitioner claimed that for Forest he drove 640 miles per day for 140 days and was entitled to 55.8 cents per mile; for Dynalectric, he claimed that he drove 220 miles per day for 98 days and

**[\*10]** was entitled to 58.5 cents per mile; and for Chewning, he claimed that he drove 60 miles per day for 35 days and was entitled to 58.5 cents per mile.[6]

Section 1.274-5(j)(2), Income Tax Regs., provides that the Commissioner may prescribe a standard mileage rate that a taxpayer may use to determine a deduction with respect to the business use of a passenger automobile. Under this authority the Commissioner issued Rev. Proc. 2007-70, supra, and Announcement 2008-63, supra,[7] which provide rules for using a standard mileage rate in lieu of substantiating the actual amount of expenditures relating to the business use of a passenger automobile. A taxpayer who uses this method is not relieved of the requirement to substantiate the amount of business mileage and the time and purpose of each use. Sec. 1.274-5(j)(2), Income Tax Regs.

Petitioner is not eligible to use the standard mileage rates provided in Rev. Proc. 2007-70, supra, and Announcement 2008-63, supra, because he has not

----

[6]We believe petitioner transposed the "5" and "8" related to the Forest mileage calculation and meant to use 58.5 cents per mile. This transposition is irrelevant as discussed infra.

[7]The Commissioner generally updates the optional standard mileage rates annually. Rev. Proc. 2007-70, sec. 3.02, 2007-2 C.B. 1162, 1163, was effective for transportation expenses incurred on or after January 1, 2008. Rev. Proc. 2007-70, sec. 3.02, was modified by Announcement 2008-63, 2008-2 C.B. 114, for transportation expenses paid or incurred on or after July 1, 2008. Under Rev. Proc. 2007-70, sec. 3.02, taxpayers were entitled to 50.5 cents per mile, and under Announcement 2008-63, supra, taxpayers were entitled to 58.5 cents per mile.

**[*11]** adequately substantiated the business mileage of his vehicles or the time and purpose of each use.  Id.; see also Rodriguez v. Commissioner, T.C. Memo. 2009-22.  The only evidence petitioner offered to prove his business mileage was his vague oral testimony and the undated, handwritten sheet of paper documenting the purported number of days and number of miles driven during the year.  Significantly, petitioner did not provide the dates of each trip.  Petitioner's documentation also strains credibility in indicating that he traveled 640 miles each day to and from his Forest work location.

Finally, petitioner claims he is entitled to $4,368 of deductions related to tolls.  Petitioner offered no receipts or other evidence to substantiate these claimed expenses and thus has failed to meet the stringent requirements of section 274(d).  See, e.g., Fernandez v. Commissioner, T.C. Memo. 2011-216.

In sum, petitioner has failed to substantiate any of his claimed traveling expenses on the basis of actual costs, per diem allowances, or standard mileage rates.  But even if petitioner had properly substantiated any of his claimed traveling expenses under any of these methods, he could not deduct these expenses unless he could claim them as itemized deductions.  See secs. 62(a)(2), 63(a), (d), 67(a) and (b), 162(a);  Rev. Proc. 2007-63, sec. 7.06, 2007-2 C.B. at 817; Rev. Proc. 2008-59, sec. 7.06, 2008-2 C.B. at 865.  To claim itemized deductions, a

**[*12]** taxpayer must make an election for the taxable year on his or her return.  Sec.

63(e)(1) and (2).  Because petitioner failed to file a 2008 return and respondent

prepared an SFR on his behalf, he cannot claim an itemized deduction for

unreimbursed traveling expenses.  See sec. 63(e)(1) and (2); Murray v.

Commissioner, T.C. Memo. 2012-213; Jahn v. Commissioner, T.C. Memo. 2008-

141, aff'd, 392 Fed. Appx. 949 (3d Cir. 2010).

Petitioner contends that he is entitled to traveling expense deductions for

2008 because respondent allowed similar deductions for his 2007 and 2009 tax

years on the basis of per diem allowances.  Petitioner's argument is without merit.

Each tax year stands on its own and must be separately considered.  See United

States v. Skelly Oil Co., 394 U.S. 678, 684 (1969).  The Commissioner is not

required for any given year to allow a deduction permitted for a previous or

subsequent year.  See, e.g., Lerch v. Commissioner, 877 F.2d 624, 627 n.6 (7th Cir.

1989), aff'g T.C. Memo. 1987-295; Pekar v. Commissioner, 113 T.C. 158, 166

(1999).[8]

---

[8]Citing secs. 6212 and 6213, petitioner suggests that the notice of deficiency should be rescinded.  Sec. 6212(d) gives the Secretary authority, with the taxpayer's consent, to rescind a notice of deficiency.  We find no error in respondent's not exercising this discretionary authority in these circumstances.

**[\*13]** IV.  Additions to Tax

Respondent bears the burden of production for additions to tax and must come forward with sufficient evidence indicating it is appropriate to impose the additions to tax.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Once respondent meets his burden of production, petitioner bears the burden of proving that he is not liable for the additions to tax.  See Higbee v. Commissioner, 116 T.C. at 447.

A.  Section 6651(a)(1) Addition to Tax

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file his 2008 Federal income tax return. Section 6651 provides for an addition to tax for failure to file a return by the date prescribed unless the taxpayer can establish the failure is due to reasonable cause and not willful neglect.  Sec. 6651(a)(1).

Petitioner stipulated that he failed to file a Federal income tax return for 2008. His gross income exceeded the maximum amount to be exempt from filing for that year.  See secs. 6012, 6072; Johnston v. Commissioner, T.C. Memo. 2004-107. Respondent has met his burden of production under section 7491(c).

Petitioner's sole defense to the section 6651(a)(1) addition to tax is that he did not expect to owe tax.  Such a mistaken belief does not constitute reasonable

[*14] cause.  See Kerstetter v. Commissioner, T.C. Memo. 2012-239; Ruggeri v. Commissioner, T.C. Memo. 2008-300; Morgan v. Commissioner, T.C. Memo. 1984-384, aff'd, 807 F.2d 81 (6th Cir. 1986).  We sustain the addition to tax under section 6651(a)(1).

B.  Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax for failure to pay timely the amount of tax shown on a return unless the failure is due to reasonable cause and not due to willful neglect.  This addition to tax applies only when an amount of tax is shown on a return.  See Cabirac v. Commissioner, 120 T.C. 163, 170 (2003); Burr v. Commissioner, T.C. Memo. 2002-69, aff'd, 56 Fed. Appx. 150 (4th Cir. 2003).  Petitioner failed to file a return, and, as evidenced by Form 13496, IRC Section 6020(b) Certification, respondent made an SFR pursuant to section 6020(b) that qualifies as a return for purposes of section 6651(a)(2).  See sec. 6015(g)(2); Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Grandy v. Commissioner, T.C. Memo. 2012-196.  Respondent has met his burden of production.  Because petitioner has failed to show reasonable cause for failing to pay timely the tax due as shown on the SFR, we hold that petitioner is liable for the section 6651(a)(2) addition to tax.

**[*15]** C.  Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax for an underpayment of estimated tax.  This addition to tax is mandatory unless the taxpayer proves an exception applies.  See sec. 6654(e); Lukovsky v. Commissioner, T.C. Memo. 2010-117.  A taxpayer must pay estimated income tax for a particular year only if that person has a "required annual payment" for that year.  See Wheeler v. Commissioner, 127 T.C. at 211.  A "required annual payment" is the lesser of:  (1) 90% of the tax shown on the return for the taxable year (or if no return is filed 90% of the tax for that year); or (2) 100% of the tax shown on the individual's return for the preceding taxable year.  Sec. 6654(d)(1)(B).

Respondent has the burden of production to show that petitioner had a "required annual payment" for 2008 under section 6654(d).  See Wheeler v. Commissioner, 127 T.C. at 211; Wilson v. Commissioner, T.C. Memo. 2012-229.  Respondent has satisfied this burden of production by introducing Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for tax years 2007 and 2008, which demonstrate together that petitioner has a Federal income tax liability for 2008, made no estimated income tax payments for 2008, and filed a 2007 Federal income tax return that showed a tax due for that year.  Petitioner

[*16] has failed to demonstrate that an exception pursuant to section 6654(e) applies.[9]  Accordingly, we sustain respondent's determination of the addition to tax under section 6654(a).

To reflect the foregoing,

Decision will be entered for

respondent.

---

[9]Generally, sec. 6654(e) provides that a taxpayer is not liable for an addition to tax for an underpayment of estimated income tax if:  (1) the tax due for the year in issue is less than $1,000; (2) the individual had no tax liability for the preceding year; or (3) a waiver is granted.  Sec. 6654(e)(1), (2), and (3).