T.C. Memo. 2005-246

UNITED STATES TAX COURT

GERALD W. KOZACK, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13381-04L.              Filed October 24, 2005.

Gerald W. Kozack, pro se.

Robert W. Dillard, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge:  Respondent sent petitioner a Notice Of
Determination Concerning Collection Action(s) under Section 6330[1]
(Levy), in which respondent determined to proceed with collection

_____

[1]  Unless otherwise stated, section references are to the
Internal Revenue Code.

by levy of petitioner's income tax liability for 2000. We

sustain respondent's determination for reasons discussed below.

FINDINGS OF FACT

1. Petitioner

Petitioner resided in Florida when he filed his petition.

Petitioner was a professional pilot in 2000 and had the following

amounts of income:

| Payor | Amount | Description |
|---|---|---|
| Bombardier Aerospace Corp. | $68,305 | Nonemployee compensation |
| Bombardier Aerospace Corp | 58,045 | Wages |
| PE Corp. NY | 1,333 | Nonemployee compensation |
| Florida Agency for Workforce Innovation | 825 | Unemployment compensation |
| Natl. Financial Services LLC | 362 | Dividends |
| Bank of America | 281 | Interest |
| Space Coast Credit UN | 145 | Interest |
| First National Bank of Suffield | 140 | Interest |
| Total | 129,436 | |

2. Petitioner's Form 1040 for 2000

On August 17, 2001, petitioner submitted a Form 1040, U.S.

Individual Income Tax Return, for 2000 to respondent. In it, he

stated that his filing status was married filing separately. He

entered zeros on the lines provided for reporting his income and

tax and requested a refund of $9,316. Petitioner attached to the

Form 1040 a document in which he claimed, inter alia, that: (a)

No section of the Internal Revenue Code makes him liable for

income tax; (b) no section of the Internal Revenue Code requires

that income taxes be paid on the basis of a return; (c) the "Privacy Act Notice" contained in the Form 1040 booklet does not require petitioner to file a return; (d) no statute allows the Internal Revenue Service (IRS) to change petitioner's return; and (e) petitioner had no income because income can be derived only from corporate activity.

3. Petitioner's Letter to Respondent

In response to a letter from respondent dated October 15, 2002, containing proposed income tax examination changes, petitioner, in an undated letter to respondent, contended, for example, that: (a) Only petitioner can assess his tax liability; and (b) Federal employees are not permitted to change his return without proper authority. He asked respondent to provide: (a) Any documents relating to the determination that his return was not correct; (b) the regulation that requires petitioner to "seriously treat" the adjustments proposed to his 2000 return; (c) the statute and regulation that allow respondent to change his 2000 return; and (d) the delegation order authorizing respondent's representative to act on respondent's behalf.

4. Notice of Deficiency

On March 26, 2003, respondent sent petitioner a notice of deficiency for 2000 in which respondent determined a $39,669 deficiency in petitioner's Federal income tax. Respondent also

determined that petitioner is liable for additions to tax of $7,588 for failure to timely file under section 6651(a)(1) and $1,566 for failure to pay estimated tax under section 6654.

Petitioner wrote to respondent on June 18, 2003, and acknowledged that he had received the notice of deficiency. In the letter, petitioner questioned whether the notice of deficiency was valid and whether respondent's representative had authority to send the notice of deficiency.

Petitioner did not file a petition in the Tax Court for 2000. Respondent assessed tax and additions to tax for petitioner's 2000 tax year on October 20, 2003.

5. <u>Respondent's Notice of Intent To Levy and Petitioner's Request for a Hearing</u>

On December 13, 2003, respondent issued to petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing relating to his 2000 tax liability. Petitioner requested a hearing. In his request, petitioner contended that: (a) No statute requires him to pay income tax; (b) no law authorizes respondent to claim that he owes any income tax for 2000; (c) the "IRS Decoding Manual" establishes that he owes no income tax for 2000; and (d) the Secretary has not authorized any action for the collection of taxes and penalties as required by section 7401.

On April 20, 2004, respondent's Appeals Office sent petitioner a copy of Form 4340, Certificate of Assessments, Payments and Other Specified Matters, for 2000 and told him that: (a) Petitioner could not challenge his underlying tax liability as determined by respondent because he had previously been given the opportunity to dispute it, and (b) the Appeals Office does not consider challenges based on constitutional, religious, political, or moral grounds.

On June 2, 2004, Settlement Officer Joe M. Breazeale (Breazeale) reviewed respondent's administrative file and telephoned petitioner. Petitioner requested a face-to-face hearing. Breazeale told petitioner that he would not offer him a face-to-face hearing unless he had nonfrivolous issues to discuss. In a telephone call on June 10, 2004, Breazeale told petitioner that petitioner could not challenge his underlying tax liability because he had received the notice of deficiency and failed to petition the Tax Court. Breazeale and petitioner also discussed the process for an offer-in-compromise. Petitioner told Breazeale he would call him on June 18, 2004, and tell him how he wanted to proceed. Petitioner did not contact Breazeale on June 18, 2004, or thereafter.

6.   Notice of Determination and Petition

On June 25, 2004, respondent sent petitioner a notice of determination with respect to the levy for 2000.  Petitioner timely filed a petition to review that determination with this Court.

OPINION

Petitioner contends that respondent's determination to proceed with collection by levy was an abuse of discretion because respondent failed to provide petitioner an opportunity for a face-to-face hearing.  We disagree.

Where the taxpayer's underlying tax liability is not at issue, we review the Commissioner's administrative determination under section 6330 for abuse of discretion.[2]  Goza v. Commissioner, 114 T.C. 176 (2000).  Treasury regulations state that if a taxpayer wants a face-to-face hearing, the taxpayer must be offered an opportunity for a hearing at the Appeals Office closest to the taxpayer's residence.  Sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.  However, in Lunsford v.

---

[2]  Petitioner contends that he is not liable for income tax for 2000.  A taxpayer may dispute his or her underlying tax liability at the sec. 6330 hearing if he or she did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).  Petitioner may not dispute the underlying tax liability because he received a notice of deficiency.

<u>Commissioner</u>, 117 T.C. 183, 189 (2001), the Court declined to remand the case to the Appeals Office for a hearing because the taxpayer could not prevail on any of the issues he had raised in the proceeding. As a result, we held that it was neither necessary nor productive to remand the case to the Appeals Office. <u>Id.</u>; see <u>Kemper v. Commissioner</u>, T.C. Memo. 2003-195 (remand to record face-to-face hearing denied); see also <u>Keene v. Commissioner</u>, 121 T.C. 8, 19-20 (2003).

The same reasoning applies here. During the trial, petitioner stated that his only arguments for overturning respondent's determination were those stated in his request for a collection due process hearing and a letter petitioner wrote to the Director of the Internal Revenue Service Center on June 18, 2003, challenging the Government's authority to issue a notice of deficiency to him. Petitioner cannot prevail on any of those arguments. His arguments about respondent's assessment procedures are frivolous. We conclude that it is not necessary and would not be productive to remand the case to the Appeals Office to hold a face-to-face hearing. Thus, respondent may proceed with a levy with respect to petitioner's 2000 tax year.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.