T.C. Memo. 2014-130

UNITED STATES TAX COURT

GARY DENNIS BOWERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10137-13.                              Filed June 26, 2014.

Gary Dennis Bowers, pro se.

Kathryn E. Kelly, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, Judge:  Respondent determined a deficiency in petitioner's 2009

income tax of $11,656, an addition to tax of $2,623 under section 6651(a)(1), an

addition to tax of $1,807 under section 6651(a)(2), and an addition to tax of $279

[*2] under section 6654.[1]  After trial respondent moved to impose sanctions on petitioner pursuant to section 6673.  The issues for decision are:

(1) whether petitioner received taxable income from the Social Security Administration of $20,436 in 2009;

(2) whether he received taxable pension distributions of $50,790 in 2009;

(3) whether he is liable for the failure to timely file addition to tax under section 6651(a)(1);

(4) whether he is liable for the failure to timely pay addition to tax under section 6651(a)(2);

(5) whether he is liable for the estimated tax addition to tax under section 6654; and

(6) whether he is liable for the frivolous arguments penalty under section 6673.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

[*3]                                    FINDINGS OF FACT

Petitioner resided in Pekin, Illinois, at the time he filed his petition.

Petitioner was retired during tax year 2009 and received $24,042 from the Social

Security Administration, of which $20,436 was taxable, and a combined $50,790

from the UA Locals 63 353 Joint Pension Trust Funds and the Plumbers and

Pipefitters National Pension Fund.  During trial petitioner agreed he had received

Social Security and pension payments, although he refused to testify as to the

amounts as determined by respondent.  Respondent submitted to the Court the

records of both pension funds, authenticated by declarations of the plan

administrators pursuant to rules 803(6)(D) and 902(11) of the Federal Rules of

Evidence, verifying the amounts paid to petitioner.

Petitioner failed to file a Form 1040, U.S. Individual Income Tax Return,

for tax year 2009 and did not pay any tax for that year.[2]  At trial he testified that he

knew of no law requiring him to file a return.  Respondent prepared a substitute

for return (SFR) for petitioner pursuant to section 6020(b).  On the basis of the

SFR, respondent issued a notice of deficiency on February 4, 2013.  Petitioner

---

[2]Petitioner also failed to file a tax return for tax year 2008, a fact which is relevant for purposes of calculating the sec. 6654 addition to tax.  See sec. 6654(d)(1)(B); Wheeler v. Commissioner, 127 T.C. 200, 210-212 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

[*4] timely filed a petition with the Court disputing the deficiency as well as the additions to tax under sections 6651(a)(1) and (2) and 6654. Trial was held at the session of the Court commencing February 25, 2014, in Chicago, Illinois. Following trial respondent moved to impose sanctions on petitioner pursuant to section 6673. Petitioner filed a brief in opposition to respondent's motion for sanctions on April 10, 2014.

Petitioner's arguments before and during trial concerned the proper authority of Bill Banowsky, the Internal Revenue Service (IRS) employee who signed the notice of deficiency and of Layne Carver, the employee who signed the SFR. In addition to alleging that the employees did not have authority to issue the SFR and the notice of deficiency, petitioner argued that they likely "pawned off" the responsibilities of drafting the SFR and the notice of deficiency and that therefore the persons who actually drafted these documents likewise lacked authority.

OPINION

I.     Burden of Proof

The Commissioner's determination as to a taxpayer's tax liability is presumed correct, and the taxpayer bears the burden of proving otherwise. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The Court of

[*5] Appeals for the Seventh Circuit, to which this case is appealable, has held that the Commissioner's determination regarding unreported income is entitled to a presumption of correctness only if the determination is supported by a minimal evidentiary foundation.  See, e.g., Pittman v. Commissioner, 100 F.3d 1308, 1317 (7th Cir. 1996), aff'g T.C. Memo. 1995-243; Ruth v. United States, 823 F.2d 1091, 1094 (7th Cir. 1987).  Section 61(a) generally requires taxpayers to include in gross income all income from whatever source derived.  The burden of proof with respect to a factual issue relevant to liability for tax may shift to the Commissioner where a taxpayer produces credible evidence and meets other statutory requirements.  Sec. 7491(a).  Petitioner has not produced any credible evidence and has not shown that he meets the statutory criteria for shifting the burden to respondent.  Accordingly, petitioner has the burden of showing that respondent's income tax deficiency determination is in error.[3]

---

[3]In addition, if a taxpayer raises a reasonable dispute with respect to a third-party information return and has otherwise fully cooperated with the Commissioner, the burden of production may shift to the Commissioner to present reasonable and probative evidence to verify the information return.  Sec. 6201(d). Petitioner testified at trial that he was unsure of the amounts received from the Social Security Administration and from his pensions, but he did not reasonably dispute the accuracy of the third-party reporting.  Accordingly, the burden of production does not shift to respondent under sec. 6201(d).

**[*6]** With respect to any addition to tax or penalty, section 7491(c) imposes the burden of production on the Commissioner. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). To fulfill this burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446. Once the Commissioner has met this burden, the taxpayer bears the burden of proving that the penalty is inappropriate because, for example, the taxpayer acted with reasonable cause and in good faith. Higbee v. Commissioner, 116 T.C. at 447.

## II.    Petitioner's Tax Liability

Petitioner's argument regarding the authority of the IRS employees is similar to those we have previously held to be without merit. In numerous opinions, we have determined that arguments questioning the authority of IRS employees to sign and issue documents are frivolous. See, e.g., Roye v. Commissioner, T.C. Memo. 2012-246; Cooper v. Commissioner, T.C. Memo. 2006-241; Kozack v. Commissioner, T.C. Memo. 2005-246 ("We note that all of petitioner's arguments are specious and without substance, and many of them have been offered by others who are merely attempting to avoid the payment of Federal tax."); see also Wnuck v. Commissioner, 136 T.C. 498, 501-513 (2011); cf. Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to

**[*7]** refute * * * [petitioner's] arguments with somber reasoning and copious citation of precedent; to do so might suggest that * * * [his] arguments have some colorable merit."). Petitioner conceded at trial that he had received income from the Social Security Administration and two pension funds. Documents submitted by pension plan administrators verified that petitioner received income in the amounts respondent determined. Petitioner has not met his burden to show that the amounts he admittedly received from the Social Security Administration and the pension funds were in error. Accordingly, we hold that petitioner has not shown that respondent's determination with regard to his tax liability is in error.

III.     Additions to Tax and Penalty

Next, we consider whether petitioner is liable for additions to tax under section 6651(a)(1) and (2) for failure to timely file a 2009 income tax return or to timely pay the tax due for that year. Section 6651(a)(1) provides for an addition to tax for failure to timely file, unless it is shown that the failure is due to reasonable cause and not due to willful neglect. Similarly, section 6651(a)(2) provides for an addition to tax for failure to timely pay the amount shown as tax on any return, unless it is shown that the failure is due to reasonable cause and not due to willful neglect.

[*8]   Respondent has satisfied his burden of production with respect to the additions to tax under section 6651(a)(1) and (2).  Petitioner admitted at trial that he did not file an income tax return.  Petitioner's only argument as to why he did not file an income tax return was that he knew of no authority requiring him to file a return.  Thus, petitioner has not shown that his failure to file was due to reasonable cause.  Accordingly, petitioner is liable for the addition to tax under section 6651(a)(1).  Respondent prepared a return in accordance with his authority under section 6020(b), and petitioner did not pay the amount shown as due.  See Cabirac v. Commissioner, 120 T.C. 163, 170-173 (2003).  The return respondent prepared met the requirements for a substitute for return under section 6020(b).  See Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).  As a result, respondent has satisfied his burden of producing evidence that supports an addition to tax for failure to timely pay tax due under section 6651(a)(2).  Petitioner has not offered any arguments alleging reasonable cause for failure to pay the amount shown as due on the return and so is liable for the addition to tax under section 6651(a)(2).

Next, we consider whether petitioner is liable for the addition to tax under section 6654(a) for failure to make estimated payments.  The required annual payment of estimated tax, as it relates to this case, equals 90% of petitioner's tax

[*9] for 2009.  Sec. 6654(d)(1)(B)(i).  Petitioner made no payments of estimated tax.  There are exceptions to the obligation to make estimated tax payments set forth in section 6654, but petitioner has not shown that he meets the criteria for those exceptions.  See sec. 6654(e).  Accordingly, we hold that petitioner is liable for the section 6654(a) addition to tax for failure to make estimated tax payments.

We next determine whether to impose a penalty against petitioner under section 6673, which authorizes the Tax Court to require a taxpayer to pay a penalty of up to $25,000 whenever it appears that proceedings have been instituted or maintained primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless.  See sec. 6673; Scruggs v. Commissioner, T.C. Memo. 1995-355, aff'd without published opinion, 117 F.3d 1433 (11th Cir. 1997).  The purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled tax principles.  See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Grasselli v. Commissioner, T.C. Memo. 1994-581.

We are mindful that petitioner is representing himself and may not be familiar with all the Court's Rules and procedures.  Pro se status, however, is not a

**[\*10]** license to litter the dockets of the Federal courts with ridiculous allegations concerning the Code.  <u>Parker v. Commissioner</u>, 117 F.3d 785 (5th Cir. 1997).

Petitioner has not previously received a warning regarding section 6673 penalties.  The Court will not impose this penalty as this time, but petitioner is warned that if he continues to make frivolous arguments in this or other Tax Court proceedings, the Court may impose a penalty under section 6673(a) against him.  Further, petitioner is hereby specifically warned that advancing frivolous and groundless arguments in the future may lead to the imposition of a penalty on him pursuant to section 6673(a).

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.